RECEIVED

FEB 0 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **LISA RICHARD** | **CIVIL ACTION NO. 06-1665** |
| **VS.** | **JUDGE HAIK** |
| **WILEY E. NED MAULDIN**<br>**CITY OF CHURCH POINT** | **MAGISTRATE JUDGE METHVIN** |

### HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, plaintiff has sued defendant Wiley E. Ned Mauldin in both his official and individual capacity. In his answer, the aforementioned defendant pleads the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff's complaint alleges a violation of her civil rights based upon the following alleged facts: On September 27, 2005, plaintiff, who is a former employee of the Church Point Police Department and who previously worked with defendant Mauldin, was watching her son shoot pool at Debbie's, a bar located in Church Point, when her son got into a fight with another patron at the bar. At the time of the fight, Mauldin was at the bar tending to another police matter. Turning his attention to this fight, Mauldin allegedly maced both plaintiff's son and the

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

man he was fighting with and "shocked" them with his police equipment. Mauldin then body-slammed plaintiff's son. When plaintiff attempted to intervene, Mauldin began to severely beat plaintiff with his night stick. When plaintiff's son attempted to stop Mauldin from assaulting his mother, Mauldin then began beating plaintiff's son. Plaintiff also alleges that Mauldin took pictures of her injuries and passed them around the police office, bragging about how he had injured plaintiff.

Considering the foregoing, the undersigned concludes that plaintiff has "supported [her] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[2]

Signed at Lafayette, Louisiana on February ___, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] The Fifth Circuit in Schultea stated:

The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.